## NEW YORK COMMON PLEAS.

DANIEL DONOVAN, plaintiff and respondent, agt. ROBERT G. CORNELL, defendant and appellant.

*Arrest— When relation of parties not a fiduciary one and an order of arrest cannot be sustained— Code of Civil Procedure, section 550, sub. 3.*

Where a factor mingles the proceeds of sales indiscriminately with his own funds, and by usage pays by his check on Saturday for all merchandise delivered during the week, whether the same were then sold or unsold, the relation of the parties is not a fiduciary one within the meaning of subdivision 3 of section 550 of the Code, but an ordinary one of debtor and creditor, and an order of arrest issued in such a case cannot be upheld.

*General Term, May,* 1886.

*Before* LARREMORE, *C. J.;* DALY *and* VAN HOESEN, *JJ.*

THE action was brought against the defendant as commission merchant, to recover the proceeds of sales of sheep and lambs consigned to the defendant by the plaintiff. The case, upon a former appeal, is fully reported in 8 *Civ. Pro. Rep.*, 284.

*Horace Secor*, for appellant.

*J. C. Wolff*, for respondent.

LARREMORE, *C. J.*—When this case was before the general

term of this court before, it was held that the papers used on the application for the order of arrest did not disclose a cause of action for conversion. It was also held that the city court, at special and general term, erred in deciding to allow a jury to pass upon the question whether a fiduciary relation or one of mere debtor and creditor existed between the parties, and such question was remitted to the city court, to be decided by a judge thereof at special term (*Daily Reg.*, *Dec.* 22, 1885). The special term of the city court, after hearing the application on the merits, has again refused to vacate the order of arrest; its order was affirmed by the general term of that tribunal, and from such order of affirmance this appeal is taken. The question how far we are bound by the allegations of the complaint as to the theory of the action having been determined on the former appeal, and it having been then decided that a cause of action for conversion is not therein set forth, and that the cause for arrest, if any, is extrinsic to and not identical with the cause of action, it seems clear that this order must be reversed.

Defendant alleges a general custom of the trade of which the plaintiff was aware, and in which he had acquiesced in all dealings between the parties for many years. The factor mingled the proceeds of sales, whenever made, indiscriminately with his own funds, and paid by his check on Saturday for all merchandise delivered during the week, whether the same was then sold or unsold. Plaintiff does not deny the existence of the usage or that his dealings were had in accordance with it. Indeed he expressly admits some of the more important facts averred. The relation of the parties was not therefore a fiduciary one within the meaning of subdivision 3 of section 550, but an ordinary one of debtor and creditor (*Wallace* agt. *Castle*, 14 *Hun*, 106; *Duguid* agt. *Edwards*, 50 *Barb.*, 300; *Grover & Baker Sewing M. Co.* agt. *Clinton*, 5 *Bissell*, 324; *Alliance Ins. Co.* agt. *Cleveland*, 14 *How. Pr.*, 408). According to the facts alleged in defendant's answer and affidavit, and which are not denied, we think the present case comes within the principle laid down by the court of appeals in *Morris* agt. *Talcott* (96

*N. Y.*, 100), and that the order appealed from should be reversed, with costs.

DALY and VAN HOESEN, JJ., concurred.